ALB:JLG

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X

UNITED STATES OF AMERICA

- against -

RONALD DERISI,

          Defendant.

------------------------------X

18 998MJ

**TO BE FILED UNDER SEAL**

AFFIDAVIT AND COMPLAINT IN SUPPORT OF AN APPLICATION FOR AN ARREST WARRANT

(T. 18, U.S.C., § 115(a)(1)(B))

EASTERN DISTRICT OF NEW YORK, SS:

        LAWRENCE O. ANYASO, being duly sworn, deposes and states that he is a Special Agent with the United States Capitol Police, duly appointed according to law and acting as such.

        From on or about September 27, 2018 to the present, within the Eastern District of New York and elsewhere, the defendant RONALD DERISI did knowingly and intentionally threaten to murder one or more United States officials, with intent to impede, intimidate, or interfere with such officials while engaged in the performance of official duties, and with intent to retaliate against such officials on account of the performance of official duties, to wit, DERISI threatened to murder and assault two United States Senators in retaliation for their support of the nomination and confirmation of Judge Brett Kavanaugh to the United States Supreme Court.

        (Title 18, United States Code, Section 115(a)(1)(B))

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I am a Special Agent with the United States Capitol Police ("USCP"), Investigations Division, Threat Assessment Section, and have been involved in the investigation of numerous cases involving stalking and threating communications made to federal officials. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file, including the defendant's criminal history record; and from reports of other law enforcement officers involved in the investigation.

2. I have reviewed two recorded voice-messages that were provided to me by the staff of a United States Senator ("Senator-1"), who I know to be a "United States official" as defined in 18 U.S.C. § 115(c)(4). In sum and substance and in relevant part, they were as follows:

    a. The first voice-message ("Voice-Message-1") was received by Senator-1 at one of Senator-1's offices in his/her home state, which is not New York. Voice-Message-1 was recorded on or about September 27, 2018, at approximately 4:55 p.m. Central Daylight Time ("CDT"). The male caller, who did not identify himself on the recording, stated, in relevant part, that he had a "present" for Senator-1, specifically: "It's a nine millimeter. Side of your fucking skull, you scumbag motherfucker." The caller concluded with "Yeah, Kavanaugh – I don't think so."

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

b. The second voice-message ("Voice-Message-2") was received by Senator-1 at another office in Senator-1's home state, which is not New York. Voice-Message-2 was recorded on or about September 27, 2018, at approximately 5:42 p.m. CDT. Although the male caller, again, did not identify himself on the recording, his voice sounded identical to that of the caller in Voice-Message-1. Voice-Message-2 stated, in relevant part: "We're tired of this guy. Sucking tax payers' money! Getting a free fucking ride! How many more years you gonna do it? None! He's a dead man! Nine millimeter, side of the fucking head! If fucking Kavanaugh gets in, he's dead fucking meat! Actually, even if Kavanaugh doesn't get in, he's dead fucking meat! Nine millimeter, side of the head, you fucking old bastard!"

3. I have reviewed 10 recorded voice-messages that were provided to me by the staff of a United States Senator ("Senator-2"), who I know to be a "United States official" as defined in 18 U.S.C. § 115(c)(4). Although the male caller on each of these voice-messages did not identify himself in any of the recordings, his voice sounded identical to that of the caller who threatened Senator-1, discussed above. In sum and substance and in relevant part, some of these voice-messages were as follows:

a. One voice-message ("Voice-Message-3") was received by Senator-2 at Senator-2's office in Washington, D.C. Voice-Message-3 was recorded on or about October 6, 2018, at approximately 12:11 p.m. Eastern Standard Time ("EST"). The caller stated: "You fucking twit, you better pray this guy don't get in. You fucking moron."

b. Another voice-message ("Voice-Message-4") was received by Senator-2 at Senator-2's office in Washington, D.C. Voice-Message-4 was recorded on or

about October 6, 2018, at approximately 12:26 p.m. EST. The caller stated, in part: "Hey, you fucking twit ... We're trying to confirm [Senator-2's home address]."

   c. Another voice-message ("Voice-Message-5") was received by Senator-2 at Senator-2's office in Washington, D.C. Voice-Message-5 was recorded on or about October 6, 2018, at approximately 12:28 p.m. EST. The caller stated: "tick-tock, tick-tock, tick-tock."

   d. Another voice-message ("Voice-Message-6") was received by Senator-2 at Senator-2's office in Washington, D.C. Voice-Message-6 was recorded on or about October 6, 2018, at approximately 1:25 p.m. EST. The caller stated, in part: "Listen, you dumb son of a bitch, don't you know that guy's a sex offender? How could you not know that ... You fucking twit. I'm gonna get you."

   e. Following the vote confirming Judge Kavanaugh to the United States Supreme Court, another voice-message ("Voice-Message-7") was received by Senator-2 at Senator-2's office in Washington, D.C. Voice-Message-7 was recorded on or about October 7, 2018, at approximately 3:30 p.m. EST. The caller stated: "What the fuck was that? What the hell? Wonder if this is that [Senator-2], that fucking twit."

   f. Another voice-message ("Voice-Message-8") was received by Senator-2 at Senator-2's office in Washington, D.C. Voice-Message-8 was recorded on or about October 7, 2018, at approximately 5:25 p.m. EST. The caller stated, in part: "You asshole, you son of a bitch ... Hey, maybe you should go back to [Senator-2's home state] ... But thanks for sending us your address; that does help, thank you ... [Reads the address] ... We'll be in touch, see ya soon, see ya soon."

g.  Another voice-message ("Voice-Message-9") was received by Senator-2 at Senator-2's office in Washington, D.C. Voice-Message-9 was recorded on or about October 8, 2018, at approximately 2:44 p.m. EST. The caller stated, in part: "Thanks to you [Senator-2], we now have a sexual predator on the Supreme Court ... Good job [Senator-2], thank you very much. We will proceed to correct it, whether [sic] we have to direct our information to you, or to the so-called asshole Kavanaugh ... And, we don't give up, regardless. Enjoy yourself."

4.  Based on a review of toll records of telephone calls to the phone at Senator-2's Washington, D.C. office, in addition to calls resulting in 10 voice-messages, the unknown caller called Senator-2's office many more times from the same telephone number, but did not leave messages.

5.  I have reviewed toll records obtained from a wireless service provider, in connection with the telephone that had made the calls to Senator-2 and at least one of the calls to Senator-1. Based on my review of these records, I learned that the toll records indicate that the same cellphone made each of these outgoing calls to the Senators. I also reviewed related bank account records concerning the purchase of that cellphone. From these records, I learned that the service for this telephone, which was a pre-paid cellphone, had been paid for using a debit card belonging to the defendant RONALD DERISI. Based on my further review of location information provided by the cellphone's service provider under exigent circumstances, pursuant to 18 U.S.C. §§ 2702(b)(8) and 2702(c)(4), I learned, in substance, that the calls to the Senators were all made from at or in the vicinity of DERISI's home in Smithtown, Suffolk County, New York. I also confirmed DERISI's

home address based on information provided in bank account records and law enforcement databases, among other sources.

6. I have also reviewed the recordings of other threatening calls made by DERISI approximately three years ago, in or about February 2015, that were unrelated to the instant offense. Specifically, DERISI pled guilty in Nassau County First District Court to one count of aggravated harassment in the second degree, in violation of New York Penal Law § 240.30(01A), in connection with his repeated calling to a victim's home and office more than 15 times, and leaving threatening voice-messages. The Nassau County Police Detective (the "Detective") who investigated DERISI's 2015 case provided me with four voice-message recordings that DERISI had left for the victim in that case. I have listened to the voice on these recordings from the 2015 case, and the recordings in the instant investigation, as discussed above. The voices sound to me to be from the same person. At my request, the Detective also reviewed several of the voice-message recordings left for each of the two Senators; and, based on his experience with DERISI from DERISI's 2015 arrest and prosecution, the Detective believes that the voice on the threatening recordings left for the two Senators sounds like DERISI's voice.

WHEREFORE, your deponent respectfully requests that the defendant RONALD DERISI be dealt with according to law. Because of the nature of this application, your deponent also requests that this affidavit and the arrest warrant for the defendant be sealed and remain under seal until further order of the Court, except that the USCP may disclose this affidavit and the arrest warrant as necessary to effectuate the arrest and arraignment of the defendant.

LAWRENCE O. ANYASO
Special Agent, United States Capitol Police

Sworn to before me this
18th day of October, 2018

THE HONORABLE ARLENE R. LINDSAY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK