# MARTIN GEDULDIG
**ATTORNEY AT LAW**

329 SOUTH OYSTER BAY ROAD
SUITE 228
PLAINVIEW NEW YORK 11803
516-794-1219
516-439-7808 (CELL)
516-935 7448 (FAX)
geduldig@optonline.net

May 6, 2019

Hon. Joseph F. Bianco
United States District Court
100 Federal Plaza
Central Islip, New York 11722-4438

                      Re: US vs. Ronald DeRisi
                           Docket No 19 CR 090 (JFB)

Dear Judge Bianco:

      This letter is intended to serve as a sentencing request for Ronald DeRisi, the above captioned defendant. There are several important factors which I believe should be considered in determining an appropriate sentence.

DEFENDANT'S GUILTY PLEA
ACCEPTANCE OF RESPONSIBILITY

      Ronald was arrested on October 19, 2018 and four months later, on February 28, 2019, pled guilty to a single count of an information charging him with making threatening telephone calls to two United States Senators. (18 USC§§ 115 (a)(1))B) and 115 (b)(4) The nomination of Judge Brett Kavanaugh to the United States Supreme Court sparked an inexplicable rage in Ronald and was the factor motivating him to make these threatening telephone calls.

      At the time, Ronald was subject to physical and emotional tensions. These tensions were a primary factor causing his bizarre behavior. Over a short period of time, September 27, 2018 to October 8, 2018, he made at least nine threatening calls. (PSR, para. 6) It is certain he had no intention of carrying out these threats and this can be ascertained by the way in which he made the calls. He was quickly identified as the caller through the purchase history for a prepaid telephone. (PSR, para. 15) All his calls were made from his home. (PSR, para 15 and 18) Eleven days after his last call, Ron was arrested and after his arrest, agents heard Ron talking out loud to himself:

> "What did I do? Scaring people and not thinking about repercussions while I was threatening them and yelling at them like a maniac." (PSR. para. 19)

He knew his actions were terrible. Ron told one of the arresting agents that his wife did not know he was making the calls. If she knew, she would have "cut [his] balls off." (PSR, para. 18)

MEDICAL CONSIDERATION

Several years ago, DeRisi began suffering from back pain. This led to three spinal surgeries, the last one leaving him in constant and severe pain. Over time, his condition worsened to the point where he needed a wheel chair to move around. (PSR, para. 59) Additionally, a 2015 neurological report revealed Ron suffers from ventricular brain atrophy, gait dysfunction, post back surgery, memory loss, hypothyroidism, chronic back pain on opiates and anxiety disorder. Medically, these deficiencies can be slowed over time but not halted. (PSR, para. 62) A psychological evaluation prepared at the Devins Federal Medical Center confirmed the above observations. (PSR, para. 65)

While at Devins, Dr. Miriam Kissin noted DeRisi was transferred to a locked mental health unit. He was found to have "difficulty modulating his mood and reactivity in response to perceived mistreatment resulting in criminal charges" (PSR, page 16, Clinical Formulation)

I submit this observation greatly explains his bizarre behavior in our case. Ron's wife described her husband, at earlier times, as being "very likeable" funny and a "nice person" and respected by his children. (PSR, para. 54-55) She explains that his severe back pain cause him to be short tempered. She states her husband is mortified by his actions and believes the pain he endures contributed greatly to his criminal conduct. (PSR, para. 63)

PROBATION DEPARTMENT
SENTENCE RECOMMENDATION

Ronald DeRisi is 74 years of age. He now requires a wheel chair to move around and has diminishing brain function. His hearing is problematic. There is no prospect he will repeat this kind of conduct. For a man who enjoyed a successful business career in which he was highly respected, (PSR, para 74-75) his arrest has been a demeaning and emotionally exhausting experience which he does not want to repeat. It is expected the sentence the court will impose will include a period of post release supervision which will require a mental health treatment program approved by probation. Moreover, his wife is aware of this conduct and will be on guard to prevent a repeat of this behavior.

I submit the Probation Departments recommendation is appropriate and should be adopted by the court. Probation suggests a sentence of time served, $1000.00 fine due

immediately and two years of supervised release with several special conditions; among those conditions is the requirement that Ronald participate in a mental health treatment program. Such a sentence meets the mandates in 18 USC3553 (2)(A-D).

    I respectfully ask the court to allow Ron DeRisi to return to his family.

Yours truly,

Martin Geduldig

MG:jr
cc: AUSA Justina L. Geraci