# MARTIN GEDULDIG

**ATTORNEY AT LAW**

329 SOUTH OYSTER BAY ROAD
SUITE 228
PLAINVIEW NEW YORK 11803
516-794-1219
516-439-7808 (CELL)
516-935 7448 (FAX)
geduldig@optonline.net

May 12, 2019

Hon. Joseph F. Bianco
United States District Judge
100 Federal Plaza
Central Islip, New York 11722-4438

        Re: US vs. Ronald DeRisi
           Docket no. 19 CR 090 (JFB)

Dear Judge Bianco:

  This letter is in response to the Government's May 10, 2019 sentencing request in which they ask for a sentence within a guideline range of 27-33 months imprisonment. The range they seek is based upon an offense level of 12 for the crime charged (PSR, para. 24); a two level enhancement because the offense involved more than two threats (PSR, para. 25) and a two level reduction for acceptance of responsibility (PSR, para.31)  This portion of the Government's letter is in agreement with Probation's guideline calculation.

  The government objects to a failure on the part of Probation to include a six level enhancement pursuant to USSG §2A6.1 (b)(1) (conduct evincing an intent to carry out the threat.) If this argument is accepted by the Court, the Government concedes the defendant would be entitled to an additional one level reduction for timely acceptance of responsibility. (USSG §3E1.1 (b)).

  However, none of the cases cited by the Government in support of the six level enhancement are applicable to the fact pattern in our case. DeRisi never attempted to obtain a firearm during the period shortly before and after the last phone call. Additionally, the ammunition he had could not be fired from weapons in his possession. (The Government cited United States v. Kirsh, 54 F3rd 1062, 1073 {$2^{nd}$ Cir., 1995}.)  Nor did the defendant make any plans to travel to Washington DC or attempt in any way to confront the victims (The

Government citing <u>United States v. Carter</u>, 111 Fed 509, 513-514 (7th Cir., 1997).) The Government cannot point to any steps the defendant took in furtherance of his threats.

It is conceded the existence of DeRisi's many medical problems, by themselves, cannot be used to void the application of the six level enhancement. However, these medical problems do establish the inability of the defendant to carry out his threats. He was in constant and severe pain. He was not able to walk short distances. (DeRisi is now confined to a wheel chair.) Several psychological examinations report diminishing brain functions. DeRisi lacked the mental ability to formulate a plan and the physical ability to carry it out.

<u>CONCLUSION</u>

The PSR submitted by Probation correctly determined the six level enhancement sought by the Government is not applicable to the fact pattern in our case. The sentence recommended by the Probation Department should be adopted by the Court and imposed.

Thank you for your consideration in this matter.

Yours truly,

Martin Geduldig

MG:jr

Cc: AUSA Justina Geraci